IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PATRICK L. JOHNSON,

   Petitioner,

v.                CASE NO. 4:06-cv-259-MP-AK

JAMES MCDONOUGH, et al.,

   Respondents.

_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Patrick L. Johnson.  Respondents have filed an answer, Doc. 7, and Petitioner has filed a reply.  Doc. 9. This cause is therefore in a posture for decision.[1]  Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

   In March, 2000, a jury convicted Petitioner of attempted first degree murder, and the court sentenced him to 20 years imprisonment.  Petitioner appealed, and his conviction and sentence were subsequently affirmed per curiam without written opinion.

   Thereafter, Petitioner filed a 3.850 motion for post-conviction relief.  In his motion, Petitioner claimed, *inter alia*, that counsel was ineffective for failing to interview and call Kim

---

[1]This cause was administratively reassigned to the undersigned on September 10, 2007.

Walker and Thaddeus Crumitie as witnesses in his trial and for failing to "vindicate" his statutory speedy trial right. Doc. 7, Ex. K. The court denied the motion without hearing. The court first found that the speedy trial claim should have been raised on direct appeal and that arraignment was continued three times "for the purpose of the defendant securing counsel." Doc. 7, Ex. M. It then found that Petitioner's "own testimony attenuates the importance of these witnesses such that they failed to establish the prejudice prong of *Strickland*...." *Id*.

Petitioner appealed the ruling, and the appellate court reversed in part and ordered the lower court to hold an evidentiary hearing. In particular, it found that the claim as to the witnesses should not have been summarily denied, as the record did not "negate the potential benefit of the testimony from the desired witnesses...." Doc. 7, Ex. N. The court then found that the speedy trial claim should also not have been summarily denied, as the record did not support the court's conclusions regarding the continuances of arraignment and there was "no indication as to whether the circumstances would require such postponement to be necessarily charged against [Petitioner]." *Id*.

After a hearing, the court again denied post-conviction relief. As to the speedy trial claim, the court found:

> Defendant waited some four (4) months to hire his attorney. The Defendant indicated his desire to hire his own attorney and the Court reset the case so the Defendant would be accompanied in this regard. Mr. Hayes did nothing to be ineffective by not bringing the case to trial within the speedy trial period. The delay in the Defendant hiring Mr. Hayes was not attributed to Mr. Hayes. Once Mr. Hayes was appointed as counsel, he did need sufficient time to prepare for trial and participate in pretrial discovery. The Defendant's own testimony at the hearing in this matter revealed the Defendant's desire to have his attorney properly prepared for trial in lieu of asserting a demand for speedy trial.

Doc. 7, Ex. P.  As to the witness claim, the court found counsel did not act ineffectively in failing to call either Walker or Crumitie.[2]  With regard to Walker, the court found that Walker would not have been allowed to testify regarding a "threat...made by the victim some 2 hours before the Defendant shot the victim," as similar evidence was proffered to the court and deemed inadmissible.  *Id*.  Furthermore, the "alleged threat had nothing to do with the Defendant's theory of self defense to justify Mr. Johnson shooting some five bullets at Mr. Williams 2 hours later." *Id*.  Additionally, Walker was not "an eyewitness to the actual shooting or to the events that occurred some two hours later."  Finally, in light of the "overwhelming eyewitness testimony of what occurred during the actual shooting, including the testimony of disinterested witnesses, there is no likelihood of a different result even if Ms. Walker had been called by the Defense to testify and the Court indeed permitted such testimony." *Id*.

As to Crumitie, the court found that counsel made "diligent effort" to locate the witness without success.  Furthermore, counsel testified that he was familiar with Crumitie, who had "no credibility" and "would not have assisted his client." *Id*.  The court again concluded that "the overwhelming evidence provided at trial by eyewitnesses to what they described as a drive-by shooting demonstrates that even had Mr. Crumitie been available and the Court were to assume he would have given the testimony proffered by Defense Counsel, there is still no reasonable likelihood of any different result in the outcome of trial." *Id*.

Petitioner again appealed, but this time, the court of appeal affirmed without opinion and denied rehearing.  Doc. 7, Ex. S & U.  Petitioner then filed a state habeas petition with the

---

[2]The state court spelled this man's name "Crumity"; however, for consistency, the Court will use the spelling that Petitioner uses, "Crumitie."

Florida Supreme Court, which dismissed the case, as relief was not "authorized."  Doc. 7, Ex. Y.

The instant petition followed.  On this occasion, Petitioner raises the two issues of

ineffectiveness addressed on post-conviction.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state

court adjudication

> (1)      resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if

the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a

set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "A

state-court decision will certainly be contrary to...clearly established precedent if the state court

applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*,

529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme

Court precedent "if the state court confronts a set of facts that are materially indistinguishable

from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the

Court's] precedent."  *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may

grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law.  Instead, this Court must look to the specific holdings of Supreme Court cases themselves.  If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law.  *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits,

not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on

post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

I.  Failure to call Walker and Crumitie.

In this claim, Petitioner argues that he if Walker and Crumitie had been called as witnesses at trial, they would have provided testimony to support his claim of self defense. He also charges that he was denied a full and fair hearing following remand of his post-conviction motion after the court was unable to secure Crumitie's attendance at the hearing.  Doc. 1.

At the time of the hearing, Mr. Crumitie was incarcerated in North Carolina pending trial, and the State of North Carolina flatly refused to transport him to the hearing until such time as its own proceedings were concluded.  Doc. 7, Ex. O.  When counsel appointed for the post-conviction hearing requested another continuance because of Crumitie's absence, the court found that his testimony was not "essential," as the issue was whether trial counsel was ineffective "for not having done something, not whether this convicted felon or whatever he is, truthful[ly] testified to something."  The court therefore denied the continuance.  Assuming the claim related to Crumitie's appearance at the remand hearing was properly exhausted, Petitioner was not denied a full and fair hearing because the court assumed that he would have testified as proffered.  Even then,

the court's conclusion that there was not a reasonable probability that his testimony would have changed the outcome of the trial even if counsel had called him at trial is neither contrary to nor an unreasonable application of *Strickland*.  There were numerous disinterested eyewitnesses to the shooting who had no connection whatsoever to either Petitioner or the victim.  Furthermore, it was perfectly reasonable for counsel not to call Crumitie, as he was familiar with this witness and did not think he would be credible or an asset to Petitioner's defense.  Thus, even assuming Crumitie would have testified as suggested, counsel's decision not to call a witness who had credibility problems was not deficient performance.

As to Walker, again, even assuming she would have testified that she saw the victim with a gun and heard him making threats against Defendant some time before the shooting, there is not a reasonable probability that her testimony would have changed the outcome of the proceedings.  At the time of Petitioner's conviction, self-defense involving the use of deadly force could not be claimed unless the person believed deadly force was necessary to prevent imminent death or great bodily harm and the person had first used every reasonable means within his power to avoid the danger, with exceptions not applicable here.  *Weiand v. State*, 732 So.2d 1044, 1049 (Fla. 1999).  Her testimony would not have supported a claim of self-defense, as the shooting occurred some time later, and she was not a witness to the shooting itself.  Even if the victim made a verbal threat against Petitioner to Walker, the time lapse between the threat and the shooting negated self-defense based on the threat.  Thus, the court's ruling with regard to Walker was neither contrary to nor an unreasonable application of *Strickland*, and it is entitled to

deference.

       2. Speedy trial.

       In this claim, Petitioner complains that counsel failed to protect his state law speedy trial rights.  Again, the state court's ruling did not in any way contravene *Strickland*.  As the state court found and the record confirms, counsel was not hired for some months after Petitioner was formally charged with shooting the victim.  The initial delay in trial was therefore fully attributable to Petitioner's desire to retain counsel of his choice.  After counsel was hired, he was absolutely entitled to some period of discovery and preparation, and thus, he did not act deficiently in seeking a delay of trial for reasons associated with getting the case ready for trial.  A criminal defendant cannot wait until the last minute before trial to hire an attorney and then fault that attorney for needing time to prepare a defense.  When counsel proceeds to trial unprepared, he merely exposes himself to a claim of ineffectiveness for lack of preparation.  The newly hired lawyer thus finds himself in a catch-22, and it is absolutely not unreasonable for that lawyer to choose to seek a continuance to prepare for trial instead of going to trial unprepared.  There is nothing in the record to suggest that counsel abused his status as newly hired to delay the trial, and the court's findings in that regard are entitled to deference.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *11th*  day of March, 2008.


*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**