IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PATRICK L. JOHNSON,

    Petitioner,

v.                                            CASE NO. 4:06-cv-00259-MP-AK

JAMES MCDONOUGH, et al.,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 17, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be denied, and that this case be dismissed with prejudice. The Magistrate Judge filed the Report and Recommendation on Tuesday, March 11, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After a jury trial, Petitioner was found guilty of attempted first degree murder, and he was subsequently sentenced to twenty years imprisonment. Petitioner appealed his conviction, which was affirmed, and Petitioner then sought post-conviction relief in state court. The state court denied the same grounds that Petitioner now raises before this court. In the instant petition, Petitioner alleges that trial counsel was ineffective by failing to raise a speedy trial objection, and by failing to call two witnesses at trial. In a thorough report, the Magistrate finds that the state court decision is not contrary to, nor an unreasonable application of, clearly established federal law, and therefore the instant petition should be denied.

In his objections, Petitioner addresses only the Magistrate's conclusion regarding the speedy trial claim. Petitioner argues that the State of Florida was solely responsible for the delay that resulted in a speedy trial violation. After an evidentiary hearing, the state court found that Petitioner wanted to hire his own attorney, and trial was continued on Petitioner's behalf to allow him to retain private counsel. When it became apparent that Petitioner was unable to hire a lawyer, the state court appointed counsel, who needed additional time beyond the speedy trial period to prepare for trial and participate in pretrial discovery. Based on this, the state court concluded that any delay in bringing the case to trial within the speedy trial period was attributable to the Petitioner, and therefore no constitutional violation occurred. Petitioner denies that he ever "indicated" a desire to hire his own attorney, and that the state court should have known that he could not hire an attorney since he was indigent. The state court found during the hearing that Petitioner did in fact request an opportunity to seek private counsel, and therefore counsel cannot be deemed ineffective for a delay attributable to the Petitioner. Regardless, since Petitioner stated at the evidentiary hearing that he desired to have his attorney properly prepared for trial in lieu of asserting a demand for speedy trial, he cannot now raise as a ground of ineffective assistance an objection that he himself has waived.

Although Petitioner claims that he was repeatedly denied appointed counsel, the record does not reflect this claim–especially since Petitioner was appointed counsel after he could not hire one. The Court agrees with the Magistrate that the state court's ruling is entitled to deference and does not violate § 2254(d). Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Petitioner Johnson's petition for writ of habeas corpus, Doc. 1, is DENIED, and this case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   *22nd* day of April, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge